**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **ROLAND ANDERSON, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:08CV739 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on the Defendant's Motion to Dismiss for failure to prosecute (docket entry no. 11). The Plaintiff filed a Complaint in this court on November 14, 2008, (docket entry no. 3). However, he failed to file his motion for summary judgment, as required by this court's Scheduling Order (docket entry no. 6), within thirty days of the filing of the Scheduling Order. The Defendant moved to dismiss under Fed. R. Civ. P. 41(b) for the Plaintiff's failure to prosecute by filing a dispositive motion within the time frame also mandated by the Scheduling Order. The Plaintiff has not filed a response to the motion to dismiss.

The Defendant filed its motion to dismiss together with a notice that complies with the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1970). The Certificate of Service on the motion indicates that the motion was directed to the address provided by the Plaintiff. Though proceeding *pro se*, the Plaintiff was nevertheless able to file and serve a Complaint. None of the pleadings, nor any court documents that have been directed to him, have been returned as undeliverable. Over four months have passed since the Plaintiff first filed his Complaint and the

court can only conclude that he does not intend to pursue the matter because he has not taken any further action.

In deciding whether to dismiss a case for failure to prosecute, a court must consider four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir.1990).

In this case, the Plaintiff appeals the Commissioner's decision *pro se*. Though he is not represented, he nonetheless bears the burden of bringing his case forward on appeal and demonstrating that he is entitled to relief. He is personally responsible for the prosecution of the case he has filed and he has not followed the court's order nor responded to the Defendant's admonition under Roseboro warning of possible dismissal. Second, while dismissal under Fed. R. Civ. P. 41(b), with prejudice, would obviously prejudice the Plaintiff because it would operate as an adjudication of the matter, the court may nonetheless order dismissal without prejudice to allow it to be re-filed at a later time and order the Plaintiff to bear the costs of this action pursuant to Fed. R. Civ. P. 41(d). The Defendant has not asserted that it has suffered any legal prejudice and it otherwise does not appear that the Defendant would be precluded from asserting any claim or defense if the action is re-filed. At the same time, the Defendant has an interest in finality, thus militating in favor of dismissal. Finally, while there is no evidence that the Plaintiff has a "drawn out history of deliberately proceeding in a dilatory fashion," this case has been pending for over four months in this court without any communication from the Plaintiff since November of 2008. Nevertheless, and although against the interest of finality, any legal prejudice to the Plaintiff could be obviated by ordering a dismissal without prejudice.

## CONCLUSION

Based on the foregoing reasons, it is therefore recommended that the Defendant's Motion to Dismiss be GRANTED and that the Plaintiff's Compliant be DISMISSED without prejudice. Let the Clerk of the court forward a copy of this Report and Recommendation to the Hon. Henry E. Hudson, to the Plaintiff, and all counsel of record.

It is so ORDERED.

## Notice to Parties

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error**.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Date: March 30, 2009